IGNAZIO G. STRUPPER, plaintiff in error, vs. JOHN KING, defendant in error.

1. Where N., in the presence of B., deposited a cotton receipt of B. with K. to hold for N. as collateral security for a debt due by B. to N., it is not competent on the trial of a garnishment against K., sued out on an attachment against S., to prove by the sayings of B. that the debt for which the deposit was made as collateral, was an account made by B. with S. Nor was the answer of B. to a summons of garnishment served upon him in the same case, admissible to prove that fact.

2. There was no evidence in this case connecting S. with the transaction out of which accrued the debt on B., or showing how it was contracted, so as to authorize any charge to the jury on the ground of the debt on B., or the collateral security having been fraudulently transferred by S. to N.

Garnishment. Evidence. Charge of Court. Before Judge JOHNSON. Muscogee Superior Court. October Term, 1872.

Ignazio G. Strupper sued out an attachment against Samuel Lovinger for $750 00, and had the same levied by serving summons of garnishment upon John King and W. A. Barden & Company. King answered, denying having any assets of Lovinger's in his hands. His answer was traversed. Barden & Company answered as follows:

"In answer to the summons of garnishment in the above case respondents say: That W. A. Barden & Company bought a bill of goods amounting to the sum of $500 00, from S. Lovinger, due January 1st, 1870, and respondents turned over to said Lovinger eight bales of cotton at said time as collateral security for the payment of said sum, of the value of $600 00; and respondents have never received anything on account of said cotton; and respondents say that said cotton was held by said Lovinger until about the 30th of November, 1870; and they say that they gave said Lovinger notice to sell said cotton in January, 1870, when the same was worth $600 00; but that said Lovinger refused to have said cotton sold until about the 30th of November, 1870, when the same sold for $401 00, which same is in the hands of John King, the agent of said Lovinger. Respondents say that they are not other-

wise indebted to said Lovinger, nor were they at the time of the service of said garnishment, nor have they any effects of said Lovinger in their hands, nor did they have at the time of the service of said summons of garnishment."

Judgment by default was rendered against Lovinger on the attachment. Upon the trial of the issue formed by the traverse of the answer of King, the following evidence was introduced:

King testified, that Samuel Lovinger had been a merchant in Columbus up to the winter of 1869–1870 ; that then some disposition was made of his stock, and his brother, N. Lovinger, took it in hand; that early in the year 1870, W. A. Barden & Company deposited with witness a receipt for eight bales of cotton, and that at that time said N. Lovinger, with Barden, had an interview with witness, and Lovinger said to witness that said receipt for said eight bales was to remain deposited with witness as collateral security for a debt owing him, N. Lovinger, by said Barden & Company, and gave witness to understand that that debt was a note for about $500 00. Does not know that said debt was for goods Barden & Company had bought from Samuel. Lovinger. It was not so stated at said interview. Never heard until afterwards that said indebtedness was a debt of Barden & Company for goods bought of S. Lovinger. Thinks that the next day both S. and N. Lovinger were missing, and have not been heard from since. That he knew they were about to leave.

In answer to question of counsel for the garnishee, witness said: " That after said interview, said Barden said that the debt for which said cotton was collateral was a debt for goods bought by his said firm of Barden & Company from S. Lovinger."

Upon motion of the garnishee this answer was excluded over the objection of plaintiff.

Plaintiff tendered in evidence the answer of Barden & Company to garnishment served on them. This answer was, on objection, excluded.

Raphael J. Moses testified, that as trustee for the creditors of S. Lovinger, he came out from New York to Columbus in the winter of 1869–'70, and a settlement was had, whereby N.

Lovinger, who had been in the store with his brother, S. Lovinger, agreed to pay, and did pay, to said trustee, in behalf of said creditors, the sum of $10,000 00, and was to have all the goods, accounts, etc., of said S. Lovinger ; that immediately afterwards said N. Lovinger rapidly sold out the goods, and both S. and N. Lovinger ran away ; that he, witness, was consulted as attorney by the parties in said transaction, and while the negotiation was pending the question of the rent of the store came up, and it was agreed by both S. and N. Lovinger that said rent should be paid out of the property of S. Lovinger, so transferred to said N. Lovinger.

The Court charged the jury : " If N. Lovinger, Barden being present, deposited with King, the garnishee, the cotton receipt for eight bales of cotton, from the sale of which, afterwards, the money in the hands of the garnishee arose, as collateral security for a debt due him, said N. Lovinger, from Barden & Company, the owners of the cotton, then the jury could not, in this proceeding, inquire whether or not said S. and N. Lovinger, in the transfer of said debt, if any transfer there was to N. by said S. Lovinger, had committed a fraud upon the creditors of said S. Lovinger."

The jury found for the garnishee.    The plaintiff moved for a new trial, alleging as grounds :

1st. The ruling of the Court, rejecting said testimony of King.

2d. The ruling of the Court, repelling as evidence said answer of garnishees, Barden & Company.

3d. Because said verdict was decidedly and strongly against the weight of the evidence.

4th. Because said verdict was contrary to evidence and the principles of justice and equity.

5th. The said charge of the Court.

The Court overruled the motion for a new trial, and plaintiff excepted.

Moses & Downing, for plaintiff in error.

Peabody & Brannon, for defendant.

Strupper *vs.* King.

TRIPPE, Judge.

1. If the answer of the witness King, had shown that the statement made by Barden was so made in the presence of N. Lovinger, then it would have been relieved of one of the objections to it. The object of the plaintiff, in desiring the answer was, doubtless, to connect Samuel Lovinger with the debt on Barden, and thereby raise the question of fraud in the transfer of the debt by S. Lovinger to N. Lovinger. If this issue could have been made in this case, and we do not say it could not, then it would have been for the purpose of defeating the rights of N. Lovinger. This could not have been done by hearsay. What Barden may have said to King, the bailee, in the absence of N. Lovinger, could not have affected his rights. Barden was a competent witness, and his testimony, not statements, were the only competent evidence. The same principle would also exclude the answer of Barden & Company to the summons of garnishment served on them. That answer could have been legally used in an issue to which they were parties, but not in the one in which it was tendered.

2. Complaint is made that the Court charged, that in this proceeding the jury, "could not inquire whether or not S. and N. Lovinger, in the transfer of said debt, (if any transfer there was to N. by said S. Lovinger,) had committed a fraud upon the creditors of said S. Lovinger." Whether the Court was or was not correct in this charge, was wholly immaterial, under the evidence. There was no testimony, and none that was competent was offered, to show that N. Lovinger had any connection with the debt on Barden—none showing with whom it was contracted, or that S. Lovinger ever owned it. This being so, the evidence made no issue of fraud, and the jury, of course, could not consider it.

Judgment affirmed.